Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 9588 | DATE | 1/23/2003 |
| CASE TITLE | Szymanski v. County of Cook | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Hearing on the issue of equitable relief held. For the reasons stated in the attached memorandum and opinion order, the court awards Plaintiff front pay in the amount of $84,726.00.

(11) ■ [For further detail see attached memorandum opinion and order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JAN 29 2003 date docketed | |
| ✓ | Docketing to mail notices. | | | 56 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| mds(lc) | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

| | |
|---|---|
| EVELYN J.D. SZYMANSKI, ) | |
| ) | No. 01 C 9588 |
| Plaintiff, ) | |
| ) | HONORABLE DAVID H. COAR |
| v. ) | |
| ) | |
| COUNTY OF COOK ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

A jury found that Defendant, Cook County, retaliated against the Plaintiff, Evelyn Szymanski, by, among other things, suspending and subsequently terminating her from about April 8, 2002. Plaintiff is now before the Court seeking reinstatement or front pay. Reinstatement is the presumptive remedy in a case involving termination. However, given the history of distrust and strained relations between the Plaintiff and her supervisors at the ASC unit at Cook County, it is highly likely that reinstatement will result in future complaints about the implementation of and compliance with the order.

To illustrate the difficulties that a reinstatement order would raise, a summary review of the facts is necessary. Plaintiff worked as a nurse practitioner in the Fantus Clinic at the former Cook County Hospital. In 2001, new Illinois legislation required the licensing of nurses serving as nurse practitioners. For purposes of this analysis, I will use the terms nurse practitioner and Advance Practice Nurse ("APN") interchangeably. In order to obtain her license, Plaintiff was required to enter into a collaborative agreement with a physician within the same service.

Plaintiff alleged, *inter alia*, that Dr. Raba, the Medical Director of the Fantus unit, refused to approve physicians who were willing to enter into collaborative agreements with her, and he coerced other physicians into refusing to enter into such agreement with her. Under Cook County's policy, the decision to approve a physician is left to the sound discretion of the Medical Director. Similarly, the decision of whether or not to serve as a collaborating physician is left to the physician. If this Court were to order her reinstated into the Fantus unit, she would still need to enter into a collaborative agreement. It is clear to this Court that, because of the mistrust that exists between Plaintiff and Dr. Raba, any refusal by the Medical Director to approve a physician or any refusal by a physician to enter into an agreement would result in accusations of further retaliation. Even if this Court were to order Plaintiff reinstated to a unit outside of Fantus, future litigation is a virtual certainty. Argument by counsel at the hearing on equitable relief made it abundantly clear that assignment to any unit that Plaintiff did not like would lead to allegations that the assignment was punitive. For these reasons, reinstatement is not appropriate in this case.

Front pay, in lieu of reinstatement, will be awarded. The problem with a front pay award in this case is that the record is sparse as to elements necessary to calculate the award. Plaintiff requests that she be awarded the difference between what she has earned since her termination from working part time until she turns 65, which is approximately 18 years from now. There are several problems with this proposal. There were several references in the testimony to the existence of a severe nursing shortage in the Chicago area. (This was the only evidence as to the state of the job market for nurses.) Plaintiff testified to having "applied" for 33 positions and having received only one response. This apparent contradiction was not explained or addressed in the testimony or argument. Plaintiff has not suggested that her failure to find full-time

employment is in any way related to adverse comments made by agents of Cook County. Indeed, her testimony was that, of the 33 applications made, she heard back from one entity to whom she applied. Thus, there is no solid evidentiary base to support a reasoned conclusion as to how long it will take her to find (or if she is likely to find) a comparable or superior position. Based on the testimony of the existence of a shortage, the Court concludes that the Plaintiff should be able to obtain comparable or superior employment within 2 years from the date of her termination. Front pay will compensate her until that time. Two years' salary at $82,363.00 equals $164,726.00. That amount will be reduced by the amount she claims to be able to earn until that time, which is $40,000 per year (a total of $80,000 for two years), leaving a total of front pay award of $84,726.00.

Finally, Plaintiff seeks an order to equitably "deem" the termination null and void and to award her pension and other benefits as though she had never been terminated. There is no evidence to support such relief. Plaintiff offered no evidence as to how her pension benefits were affected (if at all) by her termination, or what (if any) other benefits she had. The charge to make the Plaintiff whole and the power to issue equitable relief should not be used to mask a failure of proof. This aspect of Plaintiff's requested relief is denied.[1]

---

[1] The Court will, however, by separate order, order Defendant to expunge her personnel file as to suspension and termination, and any other disciplinary action related to the issues in this case.

## IV. Conclusion

For the foregoing reasons, the Court awards Plaintiff front pay in the amount of $84, 726.00.

Enter:

_____

**David H. Coar**
**United States District Judge**

**Dated: January 23, 2003**